## BROWN LOAN & ABSTRACT CO v. RUDICH *et al.*

The verdict is supported by evidence. All of the grounds of the amendment to the motion for a new trial were expressly abandoned.

No. 3736. JANUARY 16, 1924.

Equitable petition. Before Judge Graham. Pulaski superior court. March 15, 1923.

Brown Loan & Abstract Co. filed an equitable petition against Mrs. Pauline Rudich, I. A. Willis, C. C. Hall, U. H. Patrick, T. W. Fisher, and Cuti Land Co., alleging, that there was made between itself and Mrs. Rudich a contract in writing covering the sale by Mrs. Rudich to petitioner of certain realty (the contract being fully set out in the case of *Brown Loan & Abstract Co.* v. *Willis,* 150 *Ga.* 122, 102 S. E. 814) ; that Mrs. Rudich failed to furnish to petitioner any data or information as a basis for examination of title, and upon complaint made by it she agreed that petitioner should make an original investigation, and as compensation for so doing should receive a credit of $200 against the balance of the purchase-price of said land; that petitioner expended a large amount of time in perfecting the title, and the value of this work was far in excess of $200 ; that by virtue of these facts petitioner became and was and is vested with the equitable ownership of all of the right, title, and interest of Mrs. Rudich in and to said land, and she held and now holds the same in trust for petitioner, and petitioner is entitled to have said contract specifically performed by her; that after making the contract on June 27, 1919, in pursuance of a scheme and conspiracy conceived and entered into by Mrs. Rudich and I. A. Willis to defraud and defeat petitioner of its rights and interest in the land under said contract, Mrs. Rudich executed to Willis a bond for title covering the same land; that in entering into and executing said scheme and conspiracy Willis acted for himself and Hall, Patrick, and Fisher, partners doing business under the name and style of Cuti Land and Lumber Co., and the bond for title taken by Willis had been transferred accordingly; that neither of them was a bona fide purchaser of said property, and had accepted whatever interest they acquired and made payment of whatever portion of the purchase-money they had paid with full notice of the rights, interests, and equities of petitioner in the land; that the value of the land

consisted, in the main, of the timber growing upon it; that Willis, Hall, Patrick, and Fisher had cut and removed timber of the value of $1,500, to the damage of petitioner; that in doing so they were wilful trespassers; that petitioner had made to Mrs. Rudich an offer to comply fully with the obligations imposed upon it by the contract with her; that she had refused to accept such performance and refused to comply with said contract. The prayers were: (1) that petitioner have specific performance of the contract made by it with Mrs. Rudich; (2) that the bond for title made by Mrs. Rudich to Willis be canceled and set aside; (3) that Willis et al. be restrained by injunction from cutting any other timber from the land or doing anything to interfere with petitioner's full, complete, quiet possession and enjoyment of said land; (4) for judgment on account of the timber already cut and carried away; and (5) for general relief. Upon interloctutory hearing the court below denied the injunction sought. This judgment was reversed, 150 *Ga.* 122.

By her answer Mrs. Rudich averred that during January, February, and March, 1919, she repeatedly called upon petitioner to perform its contract; that it neglected and delayed the consummation of the same, pretending that certain defects existed in the title, and that it would be ready to conclude the matter when these were cleared up; that upon being furnished by petitioner with a list of objections to her title they were promptly cleared away, and petitioner was notified early in May, 1919, together with a demand that the matter be closed; that on May 10 petitioner notified her agents that "We see no reason why the Rudich transaction shall not be closed;" that all papers necessary to the conclusion of the matter were placed in petitioner's hands on May 12; that neither Mrs. Rudich nor her agents heard anything from petitioner until, after repeated requests, it advised her agents that it had been disappointed in raising the money with which to close the matter, and was not in position to make settlement; that thereafter she repeatedly called upon petitioner to perform the contract and close the deal, but it declined and refused to do so; that suit had been instituted to foreclose a lien upon said property, and on account of the same defendant was in danger of irreparable loss and damage if her property were sold at forced sale; that petitioner knew of the institution of the foreclosure proceedings; that in

order to save herself and property she advised petitioner that she could no longer tolerate its delay and failure to close the transaction; that after having given petitioner ample time to comply with the contract and after having received from it the positive statement that it was not in position to close the matter, she entered into a bona fide sale of the property to Willis; that on February 8, 1921, she tendered to petitioner the earnest money with interest, which was refused; that she had not previously had the money with which to make the tender; that the earnest money had at all times been in the hands of her agents. She prayed that she be permitted to declare the contract at an end and in this way to remove any impediment which might be in the way of her conveying the land to Willis et al., and to effect a rescission of her contract with petitioner; that petitioner be given judgment for the amount of the earnest money with interest, and that the judgment therefor be a lien upon the property. Pending the litigation she made a continuing tender of the $200 claimed by petitioner on account of work in perfecting title, with interest. She denied all other material allegations of the petition. Willis et al. filed an answer, admitting the cutting and removing of timber, but denying that the value thereof amounted to $1500, and denying all other material allegations of the petition.

On the trial of the case the jury returned a special verdict upon questions submitted by the court, finding: (1) that in cutting and removing the timber Cuti Land & Lumber Co., Willis, Hall, Patrick, and Fisher were innocent and not wilful trespassers; (2) that Brown Loan & Abstract Co. had not, prior to bringing the suit, made any offer to Mrs. Rudich to comply with the terms of the contract dated December 3, 1918; (3) that Mrs. Rudich had not, prior to the filing of the suit, refused to accept performance on the part of Brown Loan & Abstract Co. of the contract; (4) that she had not refused to make compliance with the contract on her part; (5) that the contract was rescinded; and (6) that plaintiff is estopped from insisting on its contract. Decree was entered, denying all of the prayers of the petition, but providing that the plaintiff should recover the $500 earnest money and $200 on account of work done in perfecting title, with interest. The plaintiff moved for a new trial, which was denied, and it excepted. All

grounds of amendment to the motion for new trial are expressly abandoned.

*John R. L. Smith, Grady C. Harris,* and *Marion Turner,* for plaintiff.

*H. McWhorter, H. E. Coates,* and *Hall, Grice & Bloch,* for defendants.

GILBERT, J. After the decision by this court of the questions in the case raised by the grant of an interlocutory injunction and the case was remanded to the trial court, the defendant's answer was amended. The statement of the case preceding the opinion sufficiently indicates these amendments. Suffice it to say that on the final trial the case was substantially different f m the issues raised on the interlocutory hearing. Evidence was introduced tending to prove the allegations of the answer as amended. The jury found favorably to the defendant, Mrs. Rudich, four special verdicts on questions propounded: first, that the Brown Loan & Abstract Co. did not offer, before the filing of this suit, to fully comply with the obligations upon its part of the contract between the company and Mrs. Rudich, dated December 3, 1918, concerning the purchase and sale of the land; second, that Mrs. Rudich, before the filing of this suit, did not refuse to accept performance of the said contract; third, that Mrs. Rudich, before the filing of the suit, did not refuse to comply with her obligations under the said contract; fourth, that the plaintiff, Brown Loan & Abstract Co., is estopped from insisting on its contract. We think the jury was authorized by the evidence to find that the Brown Loan & Abstract Co., before the filing of the suit against Mrs. Rudich, did not offer to fully comply with the obligation upon its part of the contract of December 3, 1918. It is true that one of defendant's witnesses, Marion Turner, testified in substance, that, acting as the attorney of Brown Loan & Abstract Co., he tendered to Mrs. Rudich $5500, with interest from March 1, 1919, as the balance of the purchase-money. On cross-examination he testified: "I had been instructed by Mr. Brown, as his attorney, to tender to Mrs. Rudich the balance of the purchase-price for this plantation, which was to be a cash payment, to wit: $5500, with interest from the first day of March, 1919, at the rate of seven per cent. per annum, or whatever rate of interest the contract called for. I told her I did not have the money with me, but if she would accept it I

would give her the cash money that day; and she said she could not accept it, she had already sold the place to another party." Under the contract of December 3, 1918, the Brown Loan & Abstract Co. agreed to pay $6000 cash. It paid at the time five hundred dollars as earnest money, leaving a balance to be paid in cash of $5500; but this was not all that the Brown Company was obligated, under the contract, to do. It was to "assume loan of $6000.00 at 8% now on property, with interest from date of sale," due to Provident Trust Company, and was to execute two notes each for $4000, due December 1, 1919, and December 1, 1920, bearing seven per cent. interest. The evidence does not demand a finding that the Brown Company assumed or offered to assume the $6000 due the Provident Trust Company, or that the two notes for $4000 each were executed and tendered to Mrs. Rudich. On the other hand Mrs. Rudich testified: "Mr. Turner came to see me and asked different questions. I stated to him that I could not say and did not know; to go to Mr. Coates, my attorney; I referred him to Mr. Coates as my attorney in the matter." Nowhere in her testimony does she otherwise mention the tender as sworn to by plaintiff's attorney, Mr. Turner, as above stated. After Mrs. Rudich had testified, Marion Turner was recalled and testified: "I do not think I afterwards went to see Mr. Coates about the matter. I will state that Mrs. Rudich never referred me to Mr. Coates at all in that conversation." Under the evidence the jury were authorized to find that Mrs. Rudich did not refuse the tender made by Marion Turner for the Brown Company, in such a manner as to constitute a waiver of the tender of the actual money; and they were further authorized to find that Mrs. Rudich had referred Mr. Turner to her attorney, Mr. Coates, and that the matter ended there, Mr. Turner making no further effort to conclude the tender through Mr. Coates. Accordingly we hold that the finding of the jury to the effect that the Brown Loan & Abstract Co. did not, before the filing of the suit, offer to fully comply with its obligations under the terms of the contract of December 3, 1918, is supported by evidence. In our view of the case an affirmance of the judgment overruling the motion for a new trial necessarily follows.

However, there are other reasons why that judgment should be affirmed. We think that the other findings of the jury in favor of

Mrs. Rudich, as stated above, were authorized by evidence. A consideration of the evidence amply authorized the jury to find that the Brown Loan & Abstract Co. was unable to raise the money necessary to carry out its contract of purchase, and that it was resorting to subterfuge to wear out the patience of Mrs. Rudich, it being well known that she was in great financial distress, being threatened with a foreclosure suit on the land; and that the Brown Company was endeavoring in this manner to induce Mrs. Rudich to abandon the contract of December 3, 1918, and to enter into some other contract by which the Brown Company could acquire the land. We think the evidence abundantly authorized the jury to find that the Brown Company, realizing its inability to carry out the contract as actually signed, notified Turman & Calhoun, sales agents of Mrs. Rudich, to that effect, and in turn, on authority of Mrs. Rudich, was notified by said sales agents that the contract was at an end; and that, both parties having thus expressed a desire to terminate the contract, Mrs. Rudich was authorized to treat it as ended. Thus the jury were authorized to find as they did, in answer to questions propounded, that Mrs. Rudich, before the filing of the suit, did not refuse to accept performance of the contract on the part of the Brown Company, and that she did not, before the filing of the suit, refuse herself to comply with her obligations under the contract. H. Rudich, the husband of Mrs. Rudich, testified that on the day before Mrs. Rudich contracted with Willis for the sale of the land he met Mr. Brown, president of the Brown Loan & Abstract Co., in Cochran, and said: "Now I notify you again. I notified you once that the contract could not stand. I told him that the contract was null and void because he forfeited his contract." On cross-examination, with reference to this conversation notifying Mr. Brown that the contract was ended, the witness stated: "That was the third time I had notified him. Mr. Brown did not say anything at all when I said that to him. Mr. Brown did not assume this loan of six thousand dollars that was on the place at the time the contract was entered into. That loan has not been paid off, because if it had been they would not have brought suit against me." Under the evidence, therefore, we also think that Brown Loan & Abstract Co. was, as found by the jury, estopped from insisting on its contract.

*Judgment affirmed. All the Justices concur.*